## McNAUGHTON, Exr, etc v PRESBYTERIAN CHURCH

Ohio Appeals, 5th Dist, Coshocton Co
No 188. Decided May, 1930

Glenn & Glenn, Coshocton, for McNaughton.

Leach, Wheeler & Sly, for Church.

LEMERT, PJ, and SHERICK, J (5th Dist) and HUGHES, J (3rd Dist) sitting.

**LEMERT, PJ.**

As to the first contention made as to error and as disclosed by the record in the instant case; This has to do with Exhibits A, B, C, and D, introduced by the plaintiff below, and the record discloses that E. A. McNaughton, as executor of the estate of Myron W. McNaughton, was called for cross-examination; the right of cross-examination being conceded by the defendant below. The exhibits A, B, C and D, were then handed to the defendant executor and identified by him as the books in which his father as such treasurer had made the entries, in his own handwriting, for the

fiscal years ending March 31, 1924, 1925, 1926, and April and May, 1927. These were the books in which the executor's father in his own handwriting made the entries of the small sums of money which were handed in by envelope and by check of the various members of the Presbyterian Church: That the names written on the margins of the books of the members were writ'cn in the handwriting of the Treasurer, Myron W. McNaughton, the executor's father; and that they contained the weekly system of the amounts of money contributed by the members: That these exhibits A, B, C and D, were the only books in which the individual names of the members of the church and the amounts paid in by them individually were entered and kept.

The record discloses that there was also introduced in evidence Exhibits E and F, which were termed and designated "Cash Book" and "Pass Book". These books were also kept in the handwriting of the deceased treasurer, showing the amounts that he reported to have received and the amounts which he deposited in the bank on a pass book. The record discloses that Exhibits E and F were admitted in evidence without objection by the defendant below. Exhibits A, B, C and D, were objected to by defendant, but were admitted in evidence by the Court, as shown by the record. We believe that the books, Exhibits A, B, C and D, were properly admitted as books of original entries, for it is shown in the record, as hereinbefore stated, that the entries were in the handwriting of the deceased father, both as to names and amounts entered after each name: That the amounts set forth in the Cash Book, which was admitted without objection by the defendant below, were composed of several items, one of which specified, "From the Envelope Book", which were Books A, B, C and D. Therefore, the claim of the Counsel for defendant that the Cash Book was the only book of original entries can not be maintained, for the reason that part of ist entries as to the contribution of the church members of their weekly payments was taken from the Envelope Books. This being true, then these books were admissions against interest, in addition to their showing and specifying directly what the deceased treasurer received each Sunday from the members of the church. As to the authority for the admission of these books in evidence, we cite counsel to 12 Oh St, 587; 22 Corpus Juris, 889.

As to the second contention made on the admission of evidence, in the admitting of Exhibits G, H, I, J, K and L: These being a record, made by a public accountant, who was duly qualiled as an accountant, and were made after a careful examination and caluculation from Exhibits A, B, C and D, which contained more than one hundred thousand entries; these entries having been made by Myron W. McNaughton, deceased, who had the Exhibits A, B, C and D, in his possession until after his death, when they were obtained by the officers of the church.

It has been held: "Where books and

documents are multifarious and voluminous, abstracts and schedules which have been perpared therefrom by an expert accountant may be admitted in evidence, but in such case the books and documents must either be first offered in evidence, or be in the custody of the Court, so that the party against whom such abstracts and schedules are offered, may have opporutnity from their examination to verify their correctness."

### 90 Oh St 722.

Counsel for plaintiff in error herein takes exception to but one paragraph of the charge of the Court, given to the jury after the Court had given his general charge. The record discloses that counsel for the defendant requested that the Court charge upon the subject of accepting the report of the deceased treasurer by an auditing committee, to the effect that they were estopped from claiming misappropriation for fraud on the part of the deceased treasurer because they had reported an audit to the congregation and it was accepted. Then the Court added the following paragraph to its charge:

"A corporation does not ratify unlawful acts of its officers, of which it has no knowledge, by the adoption of a general resolution by the Board of Directors commending, and approving the officers and their acts and official conduct, and the officer is not thereby relieved from responsibility for unlawful and unauthorized acts and transactions resulting in profit to him, personally, and in loss to the corporation."

We believe this charge to be the law and was applicable to the issues made in the instant case.

Citing Ohio Decisions, 323; **79 Oh St 432.**

The only other error complained of by the defendant below is error in the Court in permitting the testimony of M. D. Custer to go to the jury. The witness, M. D. Custer, was called by the defendant below, as their witness, to testify on behalf of the deceased, Myron W. McNaughton, as Treasurer of the plaintiff Church. He was not called by the defense for cross-examination, but was made their witness. This witness was interrogated as to what was done with reference to the making of an audit by a committee appointed by the Church, and was interrogated as to the authenticity of certain entries made in the congregational record book setting forth certain actions taken by the Board. We believe that after this witness was called and the subject was opened up with reference to the transactions with the decedent, that it was right and proper to open up and disclose all matters pertaining to the subject matter, and we find and hold that the Court below did not err in admitting the evidence of this witness.

This Court had the same question presented in the case of **Stream vs. Barnard,** reported in **120 Oh St, 206** wherein it was held:

"Where the representative of a deceased person, party to an action, examines as a witness the adverse party to such action, with reference to any conversation, admission or transaction of or with deceased, he thereby waives the incompetency of such adverse party to testify as a witness in his own behalf. Thereafter such adverse party is competent to testify in his own behalf to any matter relevant to any issue in the case of which he has knowledge."

We therefore find and hold that the errors complained of by plaintiff in error herein are not well taken: that the defendant below had a fair and an impartial trial, and that the Court below fairly and impartially charged the law of the case, and that the parties herein had an impartial and fair trial, and that the verdict of the jury was fully warranted by the evidence in the record.

It therefore follows that the finding and judgment of the Court below will be and the same is hereby affirmed.

Exceptions may be noted.

Sherick, J, and Hughes, J, concur.